UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDALL V. GOODWIN,

    Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 19-cv-1793-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

    The plaintiff, who is representing himself, has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income, and states that he is homeless, "staying with Friend or Stepmom." Id. at 2. The plaintiff circled "child support" in the section of the affidavit identifying

1

expenses, but he did not list an amount, and he wrote, "Haven't been able to pay since my Injury 2013." Id. The plaintiff does not own a car, a home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. In the other circumstances section of the affidavit, the plaintiff states, "I haven't worked since my Injury 2013 of June. I worked for WalMart. Major Head Injury." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff has filed this court's standard complaint form, which indicates that the plaintiff seeks review of an unfavorable decision by the Commissioner, that the plaintiff was disabled during the time period included in this case, and that the Commissioner's unfavorable conclusions and findings of fact are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3. In addition, the plaintiff states, "I got denied 3 times, my doctors have had me off because of my symptoms, Head Injury in

2

2013 that I can't work since PTSD, anxiety, depression, Major Headaches & eyes sensitive to light, can't be around people." Id. At this early stage in the case, and based on the information in the plaintiff's complaint and the fact that he is not represented by an attorney, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 10th day of December, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**